UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : CR. NO. 3:22-CR-246

v. :

NICHOLAS PERKINS, : (Judge           )

Defendant. :

INDICTMENT

THE GRAND JURY CHARGES:

COUNT 1
18 U.S.C. §1343
(Wire Fraud)

FILED
SCRANTON
JUN 28 2022
PER
DEPUTY CLERK

I. Introduction

At all times material to the Indictment:

1. The United States Small Business Administration ("SBA") is an executive branch agency of the United States Government. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in March of 2020, designed to provide emergency financial assistance to Americans suffering economic

1

effects caused by the COVID-19 pandemic. One of the financial sources of relief provided by the CARES Act was the Paycheck Protection Program ("PPP").

3. The SBA provided loans through banks, credit unions, and other lenders, which were guaranteed by the government, and was responsible for the administration of PPP.

4. PPP loan proceeds were authorized to be used for businesses' employee payroll, mortgage interest, lease, and utilities expenses. The principal amount of and interest of a PPP loan was entirely forgivable if the business spent the loan proceeds on those authorized expenses within a designated period of time, and also spent a certain percentage of the PPP loan proceeds on payroll expenses.

5. In order to obtain a PPP loan, an application required an authorized representative of a business applying for the loan to affirm, among other items, the following:

    a. The business was in operation on February 15, 2020, and had employees for whom it paid salaries. Further, the applicant was required to state the average monthly payroll expenses, and the number of employees employed by the business. These figures were used to calculate the amount of money the applicant business was eligible to receive under PPP;

    b. The funds would be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility

2

payments, as specified under PPP rules. The authorized representative of the business was required to sign the application stating that they understood that if the funds are knowingly used for unauthorized purposes the federal government may hold the signee legally responsible for fraud; and

c. The information provided in the application and all supporting documents and forms are true and accurate in all material aspect. Knowingly making false statements to obtain a loan from SBA is punishable under federal law.

6. Although the SBA oversaw the PPP, PPP loan applications were processed by participating financial institution lenders, including Lender #1, who received and processed PPP loan applications and supporting documentation. If a PPP application was approved, the participating lender funded the PPP loan through its own monies, which were 100% guaranteed by the SBA. Data from the PPP loan application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the PPP loan.

7. Lender #1 was a financial institution insured by the Federal Deposit Insurance Corporation ("FDIC") and headquartered in Columbus, Ohio.

8. Between April 1, 2020, and March 31, 2021, said dates being approximate, the defendant, Nicholas Perkins, was the purported owner

and operator of Well Versed Oilfield Services, LLC ("WELL VERSED"). This business was located in Tioga County, Pennsylvania, within the Middle District of Pennsylvania.

**II. Manner and Means**

9. During the aforementioned period of the time, Nicholas Perkins submitted and caused to be submitted various applications and supporting documents as he applied for PPP assistance, through use of the internet and interstate wires.

10. On or about April 28, 2020, Nicholas Perkins opened and caused to be opened a new loan account at Lender #1, in the name of WELL VERSED, account ending in XXXX6887, in order to receive a PPP loan from the SBA, in the amount of $465,786.00.

11. On or about April 28, 2020, Nicholas Perkins transferred and caused to be transferred the funds referenced in Paragraph 7, to a Money Market Deposit Account at Lender #1 in the name of WELL VERSED, account ending in XXXX7898. These funds were to be used for eligible business expenses, defined as "Allowable Costs" in the PPP loan note.

12. On or about May 23, 2020, Nicholas Perkins, along with his wife, signed a purchase agreement for a home at 302 Cavalier Court, Dauphin Island, Alabama, for approximately $850,000. Nations Direct

4

Title Agency LLC AL ("NATIONS DIRECT") is a title company that handled the purchase of above-described home. The funding date for the purchase was July 2, 2020.

13. On or about June 4, 2020, Nicholas Perkins, along with his wife, electronically signed a loan application with Midtown Mortgage, Inc. ("MIDTOWN MORTGAGE"), a mortgage lending business, for a $450,000 mortgage loan for the property at 302 Cavalier Court, Dauphin Island, Alabama. In the loan application, PERKINS listed his known assets and liabilities. Under "Assets", PERKINS listed the above-described PPP Loan proceeds as "$425,000" in an unnamed and unnumbered account.

14. On or about July 1, 2020, Nicholas Perkins transferred $420,000 of his PPP loan proceeds from the WELL VERSED Money Market Deposit Account at Lender #1, account ending in XXXX7898 to a WELL VERSED business checking account at Lender #1, account ending in XXXX1172. The memo for this transfer was "Internet 002306071172 302 Cavalier Ct."

15. Also on July 1, 2020, Nicholas Perkins signed a check from the WELL-VERSED business checking account at Lender #1, account ending in XXXX1172, payable to himself in the amount of $420,000. The check listed Nicholas Perkins as the authorized signer and it was endorsed by

Nicholas Perkins. The check was deposited in Nicholas Perkins personal checking account at Lender #1, account ending in XXXX8515.

16. Also on July 1, 2020, Nicholas Perkins sent a wire transfer in the amount of $420,000 from his personal checking account at Lender #1, account ending in XXXX8515 to NATIONS DIRECT. The memo for this wire stated, "NICHOLAS AND BRANDI PERKINS 302 CAVALIER CT DOLPHIN ISLAND AL 36536."

17. On or about December 8, 2020, the defendant submitted documentation to Northwest Bank to forgive the above-described PPP loan. In that documentation, Nicholas Perkins stated that a qualifying amount of the above-referenced PPP funds were used for Allowable Costs, as defined in the PPP loan note, when, in fact, they were not. Specifically, an amount greater than $10,000 was used for purposes outside the scope of the Allowable Costs of the PPP loan, namely the $420,000 used for the purchase of the above-referenced home at 302 Cavalier Court, Dauphin Island, Alabama.

18. On January 21, 2021, the SBA provided the funds to Lender #1 for Nicholas Perkins' PPP loan to be forgiven.

### III. Statutory Allegations

19. The factual allegations of paragraphs 1 to 18 are incorporated here.

20. On or about July 1, 2020, in Tioga County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**NICHOLAS PERKINS,**

having devised and intended to devise the above-described scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing the above-described scheme and artifice to defraud, and attempting to do so, caused to be transmitted by means of wire communications in interstate commerce the following writings, signs, signals, pictures, and sounds:

| Count | Approximate Date | Description |
|---|---|---|
| 1 | July 1, 2020 | An internet transfer of $420,000 of PPP loan proceeds from an account ending in XXXX7898, a WELL VERSED Money Market Deposit account at Lender #1, to an account ending in XXXX1172, a WELL VERSED checking account at Lender #1, with the memo, "Internet 002306071172 302 Cavalier Ct." |

All in violation of Title 18, United States Code, Sections 1343.

THE GRAND JURY FURTHER CHARGES:

## COUNT 2
## 18 U.S.C. §1957
(Unlawful Monetary Transaction)

21. The factual allegations in paragraphs 1 through 18, and 20, are incorporated here.

22. On or about July 1, 2020, in Tioga County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

### NICHOLAS PERKINS,

did knowingly engage and attempt to engage in a monetary transaction, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, an internet wire transfer in the amount of $420,000, sent from the defendant's personal checking account at Lender#1 in the name of the defendant, account ending in XXXX8515, to NATIONS DIRECT, such property having been derived from a specified unlawful activity, that is, wire fraud.

All in violation of Title 18, United States Code, Section 1957.

THE GRAND JURY FURTHER CHARGES:

## COUNT 3
## 18 U.S.C. §1344
## (Bank Fraud)

23. The factual allegations of paragraphs 1 to 18, 20, and 22, are incorporated here.

24. From on or about December 8, 2020, and continuing to on or about January 21, 2021, in Tioga County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**NICHOLAS PERKINS,**

knowingly executed and attempted to execute a scheme and artifice to defraud and to obtain the moneys, funds, credits, assets, and other property owned by and under the custody and control of Lender #1, a financial institution whose deposits were insured by the FDIC, by means of material false and fraudulent pretenses, representations and promises, in that defendant submitted and caused to be submitted the document listed below:

| Count | Approximate Date | False Documents Submitted |
|---|---|---|
| 3 | December 8, 2020 | A PPP loan forgiveness application submitted on behalf of WELL VERSED Oilfield Services, stating falsely that the dollar amount for which forgiveness was requested had been used for costs that |

9

|  |  | were eligible for loan forgiveness, including but not limited to payroll costs to retain employees, business mortgage interest payments, business rent or lease payments, or business utility payments, and that the dollar amount for which forgiveness was requested includes payroll costs equal to at least 60% of the forgiveness amount, when in fact $420,000 of the $465,786 in loan proceeds had been used to place a down payment for the purchase of personal property, namely 302 Cavalier Court, Dauphin Island, Alabama, 36528. |

All in violation of Title 18, United States Code, Sections 1344.

THE GRAND JURY FURTHER CHARGES:

## COUNT 4
18 U.S.C. § 1014
(False Loan Application)

25. The factual allegations of paragraphs 1 to 18, 20, 22, and 24, are incorporated here.

26. On or about December 8, 2020, in Tioga County, within the Middle District of Pennsylvania, and elsewhere, the defendant,

**NICHOLAS PERKINS,**

knowingly made and caused to be made a false statement and report for the purpose of influencing the action of Lender #1, the deposits of which are insured by the FDIC, in connection with an application and a loan, in

10

that the defendant submitted and caused to be submitted the document listed below:

| Count | Approximate Date | False Documents Submitted |
|---|---|---|
| 4 | December 8, 2020 | A PPP loan forgiveness application submitted on behalf of WELL VERSED Oilfield Services, stating falsely that the dollar amount for which forgiveness was requested had been used for costs that were eligible for loan forgiveness, including but not limited to payroll costs to retain employees, business mortgage interest payments, business rent or lease payments, or business utility payments, and that the dollar amount for which forgiveness was requested includes payroll costs equal to at least 60% of the forgiveness amount, when in fact $420,000 of the $465, 786 in loan proceeds had been used to place a down payment for the purchase of personal property, namely 302 Cavalier Court, Dauphin Island, Alabama, 36528. |

All in violation of Title 18, United States Code, Sections 1014.

THE GRAND JURY FURTHER ALLEGES:

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1 through 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982.

11

2. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1014, 1343, 1344, and 1957, the defendant,

**NICHOLAS PERKINS,**

shall forfeit to the United States of America, any property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to:

    a. Real property located at 302 Cavalier Court, Dauphin Island, Alabama 36528.

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL

GERARD M. KARAM
United States Attorney

*[signature]*
JAMES M. BUCHANAN
Assistant United States Attorney

06-28-22
Date